**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Case No. 20-33274 (MI) |
| **LILIS ENERGY, Inc., et al.,**[1] | **Chapter 11** |
| **Debtors.** | **(Jointly Administered)** |
| **JOHN D. BAUMGARTNER, SOLELY IN HIS CAPACITY AS UNSECURED CLAIM POOL SUB-TRUSTEE OF THE UNSECURED CLAIM POOL SUB-TRUST,** | |
| **Plaintiff.** | **Adv. Proc. No. _____** |
| **v.** | |
| **STRATA INNOVATIVE SOLUTIONS, INC. f/k/a FLOW DATA, INC.,** | |
| **Defendant.** | |

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL
TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND
TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

John D. Baumgartner, solely in his capacity as the Unsecured Claim Pool Sub-Trustee (the

"Sub-Trustee" or the "Plaintiff") of the Unsecured Claim Pool Sub-Trust (the "Sub-Trust") created

pursuant to the *Debtor's First Amended Joint Liquidating Chapter 11 Plan* [Docket No. 471] (as

amended, modified, or supplemented, the "Plan"),[2] by and through his counsel, Jones Walker LLP,

---

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Brushy Resources, Inc. (4053); Hurricane Resources LLC (5207); Impetro Operating LLC (9730) ("Impetro Operating"); Impetro Resources, LLC (9608); Lilis Energy, Inc. (1613); and Lilis Operating Company, LLC (3908).  The location of the Debtors' U.S. corporate headquarters and the Debtors' service address is: 1600 West 7th Street, Suite 400, Fort Worth, Texas 76102.

[2] Unless otherwise defined in this Complaint, capitalized terms used in this Complaint shall have the meanings ascribed to them in the Plan.  References to documents designated with a "Docket No." are filed to the

files this complaint (this "Complaint") against Strata Innovative Solutions, Inc. f/k/a Flow Data, Inc. (the "Defendant"), seeking to (i) avoid and recover certain pre-petition transfers as preferences pursuant to sections 547 and 550 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") and (ii) seeking to disallow any claim of Defendant pursuant to section 502(d) of the Bankruptcy Code.  In support of this Complaint, the Sub-Trustee hereby alleges as follows:

## NATURE OF THE CASE

1.      The Sub-Trustee seeks to avoid and recover from Defendant all preferential transfers of property—as defined below, the "Transfers"—that occurred during the ninety (90) day period prior to the Petition Date (as defined below) pursuant to sections 547 and 550 of the Bankruptcy Code.

2.      The Sub-Trustee further seeks pre- and post-judgement interest in accordance with applicable law. 28 U.S.C. § 1961; *see Peltz v. Worldnet Corp. (In re USN Communs., Inc.)*, 280 B.R. 573, 602 (Bankr. D. Del. 2002) (recognizing that "most courts find that awarding prejudgment interest in an avoidance action furthers the congressional policies of the Bankruptcy Code by compensating the estate for the time it was without use of the transferred funds"); *cf. McFarland v. Leyh (In re Tex. Gen. Petroleum Corp.)*, 52 F.3d 1330, 1339 (5th Cir. 1995).

3.      In addition, the Sub-Trustee seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors or that has been scheduled for Defendant.  Plaintiff does not waive but hereby reserves all of his rights to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

---

jointly-administered chapter 11 bankruptcy cases captioned as *In re Lilis Energy, Inc.*, et al., Case No. 20-33274 (Bankr. S.D. Tex.).

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.).  The statutory predicate for the relief requested herein are sections 502, 547, and 550 of the Bankruptcy Code, 28 U.S.C. § 1961, Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 7008-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), and other applicable law.

5.      This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (F), and (O).  Pursuant to Bankruptcy Rule 7008 and Local Rule 7008-1, the Sub-Trustee consents to the entry of final orders or judgment by the Court in connection with this Complaint, if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

6.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## PROCEDURAL BACKGROUND

7.      On June 28, 2020 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

8.      On June 29, 2020, the Court entered the *Order Directing Joint Administration of the Debtors' Chapter 11 Cases* [Docket No. 28], authorizing the joint administration of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015.

9.       A claim was scheduled for Defendant in Schedule E/F [Docket No. 137] at Schedule No. 228338.

10.     On November 17, 2020, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Debtors' First Amended Joint Liquidating Chapter 11 Plan* [Docket No. 673] (the "<u>Confirmation Order</u>") confirming the Plan pursuant to section 1129 of the Bankruptcy Code.

11.     On December 4, 2020, the Debtors filed the *Notice of (I) Entry of Order Confirming the Debtors' First Amended Joint Liquidating Chapter 11 Plan, (II) Closing of the Sale of Substantially All of the Debtors' Assets, (III) Occurrence of Effective Date, and (IV) Certain Claim Bar Dates* [Docket No. 743], (a) notifying parties in interest that the effective date of the Plan occurred on December 4, 2020 (the "<u>Effective Date</u>") and (b) creating the Liquidation Trust (the "<u>Liquidation Trust</u>") and the Sub-Trust pursuant to the *Amended Liquidation Trust Agreement* (the "<u>Liquidation Trust Agreement</u>").[3]

12.     Pursuant to paragraph 10 of the Confirmation Order and Article IV, Section G of the Plan, the Liquidating Trust Assets, including Avoidance Actions arising under chapter 5 of the Bankruptcy Code, were transferred to the Liquidation Trust.

13.     Pursuant to the Liquidation Trust Agreement, the Sub-Trustee was granted authority to bring this cause of action against the Defendant.

## THE PARTIES

14.     The Sub-Trustee is an individual appointed pursuant to the confirmed Plan, the Confirmation Order, and the Liquidation Trust Agreement.  As pertinent to this Complaint, Sub-Trust is the post-confirmation successor-in-interest to the Debtors.  Pursuant to the Liquidation Trust Agreement, the Sub-Trust is empowered, among other things, to prosecute, compromise, settle, abandon, dismiss, or otherwise dispose of causes of action under chapter 5 of the Bankruptcy

---

[3] A form of the Liquidation Trust Agreement was filed as Exhibit B to Docket No. 628.

Code, including this avoidance action.

15. Strata Innovative Solutions, Inc. is the Defendant herein. Strata Innovative Solutions, Inc. is formerly known as Flow Data, Inc. located at 12005 Starcrest Dr., San Antonio, TX 78247.

16. Strata Innovative Solutions, Inc. f/k/a Flow Data, Inc. may be served with process pursuant to Bankruptcy Rule 7004(b) by mailing a copy of this Complaint and the duly-issued Summons in an Adversary Proceeding via U.S. first class mail, postage prepaid, addressed to any officer and/or a managing or general agent at 12005 Starcrest Dr., San Antonio, TX 78247 **OR** c/o William Gebhardt, 7123 W Calumet Rd, Milwaukee, WI 53223, and/or its registered agent, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

## STATEMENT OF RELEVANT FACTS

17. The Debtors were a publicly-traded, independent energy company engaged in oil and natural gas exploration and production, specifically focused on the exploration, development, production, and acquisition of crude oil, natural gas, and natural gas liquids from properties in the Permian Basin, and more specifically in a western sub-basin of the Permian Basin known as the Delaware Basin.

18. During the ninety (90) days before and including the Petition Date, March 31, 2020 through June 28, 2020 (the "Preference Period"), the Debtors continued to operate their business, including the transfer of money, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits, or otherwise, to various entities.

19. Upon information and belief, during the course of their relationship, the Defendant and one or more of the Debtors entered into agreements for the purchase of goods and/or services from the Defendant by the Debtors, which are evidenced by one or more contracts, purchase orders,

invoices, communications, and other documents (collectively, the "Agreements").  The payments to the Defendant in respect of the Agreements during the Preference Period are set forth below:

| Payment Date | Amount |
|---|---|
| 4/2/2020 | $99,259.88 |
| 4/17/2020 | $93,884.51 |
| 4/30/2020 | $69,079.22 |
| 5/7/2020 | $62,538.83 |
| 5/13/2020 | $30,272.95 |
| **Total Amount of Transfers:** | $355,035.39 |

20.     One or more of the Debtors made transfers of an interest of Debtors' property to or for the benefit of Defendant during the Preference Period through payments aggregating not less than $355,035.39 (the "Transfer" or "Transfers").

21.     To further investigate the Transfers, the Sub-Trustee reviewed and analyzed the Debtors' financial records, including invoices relating to the Transfers, invoice data and payment data as recorded in the Debtors' accounting system, and the Debtors' bank records to confirm the Transfers.

22.     As a result of such review, the Sub-Trustee is seeking to avoid all of the Transfers made by the Debtor(s) to the Defendant within the Preference Period.

23.     In May 2021, the Sub-Trustee, through counsel, sent a demand letter (the "Demand Letter") to Defendant, seeking a return of the Transfer(s). The Demand Letter indicated the potential statutory defenses available to Defendant pursuant to section 547(c) of the Bankruptcy Code and requested that if Defendant had evidence to support any affirmative defenses, it provide

this evidence so the Sub-Trustee could review the same. The Sub-Trustee also performed its own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant.

24.     Based upon the Sub-Trustee's review of the information, if any, provided by the Defendant prior to filing this Complaint, and after performing its own due diligence evaluation of the reasonably knowable affirmative defense to avoidance of the Transfer(s), the Sub-Trustee has determined that it may avoid all of the Transfers even after taking into account Defendant's alleged affirmative defenses.

## CLAIMS FOR RELIEF

### First Claim for Relief
### (Avoidance of Preferential Transfers under 11 U.S.C. § 547)

25.     The Sub-Trustee incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with the allegations contained in this First Claim for Relief.

26.     During the Preference Period, the Debtors made each Transfer to or for the benefit of the Defendant in an aggregate amount not less than $355,035.39.

27.     Each Transfer was made from the Debtors and constituted transfers of an interest in property of the Debtors.

28.     Defendant was a creditor of the Debtors at the time of each Transfer by virtue of supply goods and/or services to the Debtors for which the Debtors were obligated to pay in accordance with the Agreements.

29.     Each Transfer was to or for the benefit of a creditor within the meaning of section 547(b)(1) of the Bankruptcy Code because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtors to the Defendant.

30.     Each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtors to the Defendant before such Transfers were made, as asserted by Defendant and

memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the Debtors.

31.     Each Transfer was made while the Debtors were insolvent.  The Debtors are entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

32.     Each Transfer was made during the Preference Period.

33.     As a result of each Transfer, Defendant received more than the Defendant would have received if: (a) the Debtors' chapter 11 case was a case under chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) the Defendant received distributions on account of its debts under the provisions of the Bankruptcy Code.  As evidenced by the Debtors' schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, and as described in the Plan and the Disclosure Statement, the Debtors' liabilities exceed its assets such that the Debtors' unsecured creditors will not receive payment of their claims in full from the Debtors' bankruptcy estate.

34.     In accordance with the foregoing, each Transfer is avoidable pursuant to section 547(b) of the Bankruptcy Code.

**Second Claim for Relief**
**(Recovery of Avoided Transfers under 11 U.S.C. § 550)**

35.      The Sub-Trustee incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with the allegations contained in this Second Claim for Relief.

36.     The Sub-Trustee is entitled to avoid the Transfers pursuant to section 547(b) of the Bankruptcy Code (the "Avoidable Transfers").

37.     Defendant was the initial transferee of the Avoidable Transfers.

38.    Accordingly, pursuant to section 550(a) of the Bankruptcy Code, the Sub-Trustee is entitled to recover from the Defendant the Avoidable Transfers, plus interest thereon to the date of payment and the costs of this action.

**Third Claim for Relief**
**(Disallowance of All Claims under 11 U.S.C. § 502(d) and (j))**

39.    The Sub-Trustee incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Third Claim for Relief.

40.    Defendant is a transferee of transfers avoidable under sections 547 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

41.    Defendant has not paid the amount of the Avoidable Transfer(s), or turned over such property, for which defendant is liable under section 550 of the Bankruptcy Code.

42.    Pursuant to section 502(d) of the Bankruptcy Code, any and all Claims of Defendant against the Debtors must be disallowed until such time as Defendant pays to the Sub-Trustee an amount equal to the aggregate amount of the Avoidable Transfer, plus interest thereon and costs.

43.    Pursuant to section 502(j) of the Bankruptcy Code, any and all Claims of Defendant, and/or its assignee, against the Debtors previously allowed by the Debtors or by Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfers.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Sub-Trustee respectfully requests that the Court grant it the following relief against the Defendant:

A.    On the Sub-Trustee's First and Second Claims for Relief, judgment in favor of the Sub-Trustee and against the Defendant avoiding all of the Avoidable Transfers and directing the

Defendant to return to the Sub-Trustee the amount of the Avoidable Transfers, pursuant to section 547(b) and 550(a) of the Bankruptcy Code, plus pre- and post-judgment interest;

B.      On Plaintiff's Third Claim for Relief, judgment in favor of the Sub-Trustee and against the Defendant disallowing any claims held or filed by the Defendant against the Debtors until the Defendant returns the Avoidable Transfers to the Sub-Trustee pursuant to section 502(d) and (j) of the Bankruptcy Code; and

C.      Such other and further relief as this Court may deem just and proper.


[*Signature on Next Page*]

Dated:  April 20, 2022                    Respectfully submitted,

                                          */s/ Joseph E. Bain*
                                          Joseph E. Bain
                                          Texas Bar No. 24085187
                                          Amy K. Anderson
                                          Texas Bar No. 24077064
                                          Gabrielle A. Ramirez
                                          Texas Bar No. 24116937
                                          Olivia K. Greenberg
                                          Texas Bar. No. 24127683
                                          **JONES WALKER LLP**
                                          811 Main Street, Suite 2900
                                          Houston, Texas 77002
                                          Tel:    (713) 437-1800
                                          Fax:    (713) 437-1810
                                          Email: jbain@joneswalker.com
                                                  aanderson@joneswalker.com
                                                  gramirez@joneswalker.com
                                                  ogreenberg@joneswalker.com

                                          *Counsel for John D. Baumgartner, solely in his*
                                          *capacity as Unsecured Claim Pool Sub-Trustee of*
                                          *the Unsecured Claim Pool Sub-Trust*